**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VPN SUPER INC., | Case No.  26-cv-00615-BLF |
| Plaintiff, | |
| v. | **ORDER DENYING *EX PARTE* MOTION FOR ADMINISTRATIVE RELIEF FOR ALTERNATIVE SERVICE** |
| TOPAPPS TECH PTE LTD, | |
| Defendant. | [Re:  ECF No. 10] |

Before the Court is Plaintiff VPN Super Inc.'s *ex parte* motion for administrative relief for an order permitting alternative service of the Complaint on Defendant TopApps Tech Pte Ltd ("TopApps").  ECF No. 10 ("Mot.").  Defendant TopApps is a Singapore Proprietary Limited company.  ECF No. 1 ("Compl.") ¶ 2.  Plaintiff requests an order permitting alternative service through (1) service on Defendant's U.S. listed correspondent and U.S. trademark counsel with the United States Patent and Trademark Office; (2) service via email at addresses associated with Defendant; and (3) service at Defendant's registered business address in Singapore through a process server.  Mot. at 3.  For the reasons that follow, the *ex parte* motion is DENIED.

## I.　BACKGROUND

This action arises out of Defendant's alleged infringement of Plaintiff's trademark.  *See* Compl. ¶ 7.  Plaintiff is a "leading developer of virtual private network (VPN) applications," that owns the "VPN – SUPER UNLIMITED PROXY trademark" in connection with its software.  *Id.* ¶¶ 7–11.  The mark has been in use continuously since May 2018, *id.* ¶ 10, and "has come to signify the high quality of VPN Super's goods and services."  *Id.* ¶ 12.  Defendant is also a developer of VPN applications and, according to Plaintiff, began using allegedly infringing marks in commerce after Plaintiff commenced use of its mark.  *Id.* ¶¶ 16–21.  On July 16, 2024, Plaintiff

United States District Court
Northern District of California

filed takedown requests with the App Store and Google Play regarding Defendant's apps on the basis of (1) trademark infringement and (2) copyright infringement due to Defendant's copying large portions of text verbatim from Plaintiff's App Store and Google Play pages. *Id.* ¶¶ 22–23. In response, Defendant removed the text, but declined to rename its apps. *Id.* ¶ 24. Accordingly, Plaintiff alleges that Defendant continues to use the infringing marks. *Id.* ¶ 30.

Plaintiff filed the instant lawsuit on January 20, 2026, alleging four causes of action: (1) Trademark Infringement pursuant to 15 U.S.C. § 1114; (2) Unfair Competition and False Designation of Origin pursuant to 15 U.S.C. § 1125(a); (3) Common Law Trademark Infringement; and (4) Unfair Competition pursuant to California Bus. & Prof. Code §§ 17200 *et seq. Id.* ¶¶ 37–62. Plaintiff represents that it initiated service of process through the Hague Service Convention on March 19, 2026, and per the Singapore Ministry of Law, can expect Singapore's Central Authority to take roughly 2.5 months to process the service request. Mot. at 2; ECF No. 10-1 ("Byrne Decl.") ¶ 2 & Ex. 1 at 4. In light of this delay, Plaintiff has requested that the Court authorize alternative methods of service.

## II.    LEGAL STANDARD

Because Defendant is a Singapore company, Plaintiff's motion is governed by Rule 4(h)(2) of the Federal Rules of Civil Procedure, which permits a plaintiff to serve a foreign corporate defendant "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery." Federal Rule of Civil Procedure 4(f), in turn provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the

2

United States District Court
Northern District of California

individual personally; or
(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Plaintiff specifically invokes Rule 4(f)(3).  Mot. at 3.  Pursuant to Rule 4(f)(3), alternate service must be (1) directed by the court and (2) not prohibited by international agreement.  *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  District courts have authorized service by "other means" including "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and . . . email."  *Id.* at 1015–16.

Even where a method of service of process is permitted by the Federal Rules, it must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" in order to comport with due process.  *Id.*  at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## III.   DISCUSSION

Plaintiff requests an order permitting alternative service through (1) service on Defendant's U.S. listed correspondent and U.S. trademark counsel with the United States Patent and Trademark Office; (2) service via email at addresses associated with Defendant; and (3) service at Defendant's registered business address in Singapore through a process server.  Mot. at 3.  Plaintiff argues that such methods are routinely approved by courts in this district, are reasonably calculated to provide actual notice to Defendant, and will promote efficiency.  Mot. at 4 –7.

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (1969) ("Hague Service Convention"), is a multilateral treaty aiming to "simplify, standardize, and generally improve the process of serving documents abroad."  *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017).  It therefore "specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies."  *Id.* (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 699 (1988)).  Singapore's adoption of the Hague Convention and objection to Article

3

10, which otherwise permits mail service, means that service through the Central Authority is the only option for effecting service under the Hague Convention. *See EM1 Capital LLC v. DWHTD Tech.*, No. 24-cv-01044-SB-SSC, 2024 WL 6971038, at *4 (C.D. Cal. Apr. 12, 2024).

A federal court is "prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention." *Rio Props., Inc.*, 284 F.3d at 1015 n.4. The question is thus whether alternative service contravenes the Convention. The Court acknowledges a split of authority with respect to whether the Hague Convention enumerates the sole means by which service of documents may occur in signatory countries. *Compare Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11–cv–02460–LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) ("Some courts have reasoned that alternative service may be ordered pursuant to Rule 4(f)(3) as long as the alternative method of service is not expressly prohibited by the Convention or objected to by the receiving state."), *with Cadence Design Sys., Inc. v. Fenda USA Inc.*, 734 F. Supp. 3d 960, 964 (N.D. Cal. 2024) ("[T]he Convention delineates the exclusive means by which service of documents may occur in the signatory countries."); *accord Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co.*, 480 F. Supp. 3d 977, 983–84 (N.D. Cal. 2020).

This Court finds the reasoning in *Cadence Design Systems* and *Xiu Network* persuasive. Those courts analyzed the text and structure of both the Convention and Rule 4, as well as relevant precedent, and ultimately concluded that "the [Hague Convention's] listed methods are the exclusive means by which signatories may effect service on defendants on foreign soil," and those procedures, when available, are "mandatory if documents must be transmitted abroad to effect service." *Cadence Design Sys.*, 734 F. Supp. 3d at 964; *accord Xiu Network*, 480 F. Supp. 3d at 986. If signatory countries too freely "authorize alternative methods of service that [are] unfamiliar to foreign defendants," a real risk of defendants facing default judgments in foreign jurisdictions "without having had an opportunity to defend the claim" arises. *See Cadence Design Sys.*, 734 F. Supp. 3d at 964–65 (quoting *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 288 (3d Cir. 1981)). This result would undermine the purposes of the Convention, which include "ensur[ing] that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time" and "improv[ing] the organisation of mutual judicial

United States District Court
Northern District of California

4

assistance for that purpose." Hague Service Convention, Preamble.

Because the Court concludes that the alternative methods of service outlined by Plaintiff are "prohibited by international agreement," Plaintiff must demonstrate the applicability of a Convention exception before the Court will consider permitting those forms of service. For example, alternative service may be permitted "if the receiving country refuses to complete service for impermissible reasons" or if "the receiving central authority does not return the required certificate showing it has completed service for more than six months." *Cadence Design Sys.*, 734 F. Supp. 3d at 965 (citing Hague Service Convention, Arts. 13, 15). Here, Plaintiff initiated service of process only on March 19, 2026, Mot. at 2, so these exceptions are inapplicable. Nor has Plaintiff otherwise argued or submitted evidence showing that an exception applies.

In light of the foregoing, the Court finds that permitting alternative methods of service at this time is premature and DENIES Plaintiff's motion without prejudice to renewal of the motion if service under the Hague Convention is not completed within a reasonable amount of time. "Admittedly, this is not the most practical result," *Xiu Network*, 480 F. Supp. 3d at 987, and the Court acknowledges that this denial will result in some delay. On the other hand, the Supreme Court has pointed out that "parties that comply with the Convention ultimately may find it easier to enforce their judgments abroad." *Volkswagenwerk*, 486 U.S. at 706.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's *ex parte* motion for administrative relief for an order permitting alternative service is DENIED without prejudice.

Dated:  April 1, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5